IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

YOLANDA BIRMINGHAM                                                 PLAINTIFF

VS.                                         CASE NO. 06-CV-4019

AIG LIFE INSURANCE COMPANY
and THE DOW CHEMICAL COMPANY                              DEFENDANTS

**ORDER**

Before the Court is Plaintiff Yolanda Birmingham's Motion for a Less Deferential Standard of Review. (Doc. 20). Defendants AIG Life Insurance Company and the Dow Chemical Company have responded. (Doc. 27). The matter is ripe for consideration.

**I. BACKGROUND**

Birmingham brought this action on March 3, 2006 in the Circuit Court of Miller County, Arkansas to enforce her rights under the terms of The Dow Chemical Voluntary Group Accident Insurance Plan ("the Accident Plan") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Defendants removed the case to this Court on March 24, 2006. (Doc. 1).

Birmingham's struggle with Defendants began on August 25, 2003 when she was diagnosed with heavy metal Zinc toxicity. Dr. Dean Bowman, Birmingham's treating physician, notified her employer, the Dow Chemical Company, that she suffered from heavy metal Zinc toxicity and that she would not be able to return to work until he cleared her. Dr. Bowman never cleared Birmingham to return to work. Instead, Birmingham has been determined to be disabled by the Metropolitan Life Insurance Company under the terms of Dow Chemical's Long-Term Disability Plan and by the United States Social Security Administration. On September 1, 2004, Birmingham applied for

permanent total disability benefits under Dow Chemical's Accident Plan, administered by Defendant AIG Life Insurance Company ("AIG"). Birmingham claimed to be suffering from disabling back injuries and heavy metal Zinc poisoning. AIG denied Birmingham's claim for benefits under the Accident Plan on May 17, 2005. Birmingham appealed the denial, supplementing her appeal with documentation related to her zinc poisoning. AIG upheld its denial of benefits to Birmingham on April 25, 2006.

## II. DISCUSSION

### A. Standard of Review

ERISA provides a plan beneficiary with the right to judicial review of a benefits determination. 29 U.S.C. § 1132(a)(1)(B). Generally, when a disability plan governed by ERISA gives the plan administrator discretionary authority to determine eligibility for benefits, the Court reviews the administrator's decision for abuse of discretion. *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998); *Firestone Tire & Rubber Co. v. Branch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed. 2d. 80 (1989). Birmingham does not dispute that the Accident Plan provides AIG with discretionary authority to determine benefit eligibility.

Instead, Birmingham argues that this Court should apply a less deferential standard of review to the plan administrator's denial of benefits because of procedural irregularities and AIG's conflict of interest. To obtain a less deferential standard of review, Birmingham must demonstrate that either a conflict of interest or a serious procedural irregularity exists and that this conflict or irregularity causes a serious breach of the plan administrator's fiduciary duty. *Woo*, 144 F.3d at 1160. Satisfaction of the second prong of *Woo* requires a showing that the conflict of interest or procedural irregularity bears some connection to the substantive decision reached. *Id*. at 1161. If a claimant

clears this "two-part gateway requirement," the Court utilizes a "sliding scale approach," reducing the deference given to the plan administrator in an amount commensurate with the severity of the conflict or irregularity. *Id*.

Thus, the Court first considers whether AIG was laboring under a palpable conflict of interest given its role as both plan administrator and insurer. Generally, where the insurer is also the plan administrator, the Eighth Circuit recognizes "something akin to a rebuttable presumption of a palpable conflict of interest." *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 947-48 (8th Cir. 2000). AIG cites the Court to Eighth Circuit authority which appears to directly contradict this position. *See McGarrah v. Hartford Life Ins. Co.*, 234 F.3d 1026, 1030 (8th Cir. 2000); *Davolt v. O'Reilly Automotive*, 206 F.3d 806, 809 (8th Cir. 2000). Additionally, AIG argues that "a heightened standard of review is not automatically applied any time the insurer also serves as the plan administrator" and that "[t]he mere fact that, by denying the claim, AIG did not have to pay a $250,000 benefit is insufficient to satisfy the Woo requirements." (Doc. 27-1, pg. 5). The Court finds AIG's arguments unpersuasive. *McGarrah* can be distinguished because Wal-Mart, the claimant's employer, acted as a partial self-insurer along with Hartford Life Insurance Company. The *McGarrah* court was unsure as to the extent of responsibility each co-insurer would bear in continuing disability payments to the claimant; Hartford's benefits determination was not directly tied to its own corporate pocketbook. In this case, however, AIG occupies the undisputed role of both insurer and plan administrator, and AIG alone would have to pay up to $250,000 to Ms. Birmingham if it approved her benefits claim.

The Court also finds *Davolt* unpersuasive. The court in *Davolt* passed on the question of the existence of a conflict of interest because the plain language of the benefit plan precluded any

-3-

approval of benefits for the claimant. 206 F.3d at 809-10. In any event, the Court is persuaded that the "rebuttable presumption" formulation of *Schatz* ought to be applied in this case.

The Court may not automatically assume a conflict of interest, however. The rebuttable presumption of a palpable conflict of interest may be countered with proof of "ameliorating circumstances" such as "equally compelling long-term business concerns that militate against improperly denying benefits despite the dual role." *Barnhart v. UNUM Life Ins. Co.*, 179 F.3d 583, 587-88 (8th Cir. 1999). AIG has not identified any ameliorating circumstance behind its alleged conflict of interest in this case.

Instead, as previously noted, AIG acted as both the insurer of the plan and as plan administrator. By the time AIG upheld its own denial of Birmingham's benefit claim, it was an adverse party in this litigation to Birmingham, with a summary judgment motion pending. Additionally, as plan administrator, AIG owed fiduciary obligations to Birmingham. In spite of these obligations, AIG based its decision to uphold its denial of benefits to Birmingham on the legal analysis of an attorney it hired. Clearly, AIG's attorney owed no fiduciary obligation to Ms. Birmingham. In addition to these conflicts, AIG avoided payment of $250,000 in benefits to Birmingham by twice denying her claim. As a result, the Court is satisfied that AIG operated under a conflict of interest in this case, satisfying the first prong of the *Woo* gateway requirements.

Birmingham also claims AIG committed a number of procedural irregularities in handling her claim. Chief among these procedural irregularities is AIG's failure to render a decision on her appeal within the Department of Labor's regulations, which specify 45 days as a reasonable time to render such a decision. *See* 29 C.F.R. § 2560.503-1(i). If "special circumstances" are present, an additional 45 days may be allowed. 29 C.F.R. § 2560.503-1(i)(3). AIG appears to have taken 210

days to render a decision on Birmingham's appeal. The remainder of Birmingham's evidence and arguments concerning procedural irregularities tend to overlap with the second *Woo* requirement, and will be considered appropriately.

Our inquiry continues to the second *Woo* requirement, that the conflict of interest or procedural irregularity cause a "serious breach" of the plan administrator's fiduciary duty to the claimant. 144 F.3d at 1160; *Pralutsky v. Met. Life Ins. Co.*, 435 F.3d 833, 837-38 (8th Cir. 2006). This prong of the inquiry requires that an ERISA claimant's proof "create serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim." *Schatz*, 220 F.3d at 948 (*quoting Barnhart*, 179 F.3d at 589). Birmingham argues that the following actions of AIG render its decision arbitrary: (1) AIG's failure to consider her claim of heavy metal Zinc toxicity in the initial determination of her claim; (2) AIG's failure to collect her medical records and pertinent information relating to her Zinc poisoning for the determination of her appeal; (3) AIG's failure to hire a heavy metal poisoning specialist to review records she provided on her appeal; (4) AIG's failure to contact her attending doctors to discuss the findings of AIG's forensic toxicologist Gary Wimbish; (5) AIG's disregard of the information and medical opinions proffered by Birmingham's treating doctors on appeal; and (6) AIG's failure to conduct an independent medical evaluation of Birmingham's heavy metal Zinc poisoning claim. (Doc. 21, pgs. 7-8, 12-13). In addition, AIG failed to follow the terms of its own plan in allowing the same employee, Myra Zimmerman, to approve the initial denial of Birmingham's claim and to approve the denial of her appeal. AIG correctly describes the second prong of the *Woo* gateway as difficult for claimants to satisfy. However, AIG's conduct in reviewing and denying Birmingham's initial claim and subsequent appeal leaves the Court with serious doubts as to whether AIG's denials of

Birmingham's claims were the result of an arbitrary decision or the plan administrator's whim. *Parkman v. Prudential Ins. Co.*, 439 F.3d 767, 772 (8th Cir. 2006).

The Court is satisfied, at this stage in the proceedings, that Birmingham has made a sufficient showing of AIG's conflict of interest and of the arbitrary nature of AIG's decision to warrant a less deferential standard of review. The Eighth Circuit's "sliding scale" approach in ERISA cases requires the Court to continue to apply an abuse of discretion standard, "taking into account the conflict or procedural irregularity," highlighting the "inherently flexible" nature of the abuse of discretion standard. *Woo*, 144 F.3d at 1161. Therefore, the Court will review AIG's denial of benefits to Yolanda Birmingham under an abuse of discretion standard, taking into account AIG's conflict of interest and procedural irregularities.

### III. CONCLUSION

For the reasons stated herein and above, Plaintiff Yolanda Birmingham's Motion for a Less Deferential Standard of Review should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 13th day of October, 2006.

                                           /s/Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        United States District Judge