IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

YOLANDA BIRMINGHAM                                                                      PLAINTIFF

VS.                                              CASE NO. 06-CV-4019

AIG LIFE INSURANCE COMPANY
and THE DOW CHEMICAL COMPANY                                                DEFENDANTS

**ORDER**

Before the Court is Plaintiff Yolanda Birmingham's Motion to Strike Documents Included Within the Administrative Record and Alternatively Motion to Supplement the Administrative Record. (Doc. 22). Defendants AIG Life Insurance Company and the Dow Chemical Company have responded. (Doc. 25). The motion is ripe for consideration.

In her motion, Birmingham argues that the Court should strike from the administrative record documents generated after Defendants' 45 day time limit to render a decision on her appeal expired. The 45 day time period expired on November 17, 2005. As such, Plaintiff urges the Court to strike from the record documents bates stamped AIGB 00072 to 00091 and AIGB 00096 to 00195. In the alternative, if the Court does not strike the requested documents, Birmingham asks the Court to supplement the administrative record with documents stamped AIGB 00970-00989, an additional twenty pages of materials. However, as Defendants note, Birmingham cites the Court to no authority for either action.

The Eighth Circuit generally requires that courts review ERISA benefit decisions for abuse of discretion by the plan administrator, examining the same evidence the plan administrator had before him. *Ferrari v. Teachers Ins. & Annuity Assoc.*, 278 F.3d 801, 807 (8th Cir. 2002); *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 949 (8th Cir. 1998); *Cash v. Wal-Mart Group Health*

*Plan*, 107 F.3d 637, 641 (8th Cir. 1997). Even where a less deferential standard of review is utilized, courts are discouraged from considering evidence in addition to that presented to the plan administrator. *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993).

Eighth Circuit caselaw makes clear to this Court that it should review the administrative record in its entirety, rather than supplementing or removing sections. Therefore, Plaintiff's Motion to Strike Documents Included Within the Administrative Record and Alternatively Motion to Supplement the Administrative Record should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 13th day of October, 2006.

                                                  /s/Harry F. Barnes
                                                  Hon. Harry F. Barnes
                                                  United States District Judge