IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

YOLANDA BIRMINGHAM                                                PLAINTIFF

VS.                              CASE NO. 06-CV-4019

AIG LIFE INSURANCE COMPANY
and THE DOW CHEMICAL COMPANY                                    DEFENDANTS

## ORDER

Before the Court is Plaintiff Yolanda Birmingham's Motion to Reconsider and Incorporating a Motion for an Evidentiary Hearing and Motion for Discovery. (Doc. 35). Defendants responded. (Doc. 37). The Court finds the matter ripe for consideration.

Because the Court's February 11, 2009 Order (Doc. 34) dismissed Plaintiff's claims against Defendants with prejudice, the Court will treat the pending Motion to Reconsider as a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.,* 540 F.3d 752, 761 (8th Cir. 2008). More specifically, Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. *Norman v. Dep't. of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996). However, "a Rule 59(e) motion 'does not allow arguments or evidence to be presented after judgment when the argument or evidence could have been presented earlier.'" *Anjulo-Lopez v. United States,* 541 F.3d 814, 818, n. 3 (8th Cir. 2008) (quoting *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 1003, n. 4 (8th Cir. 2003)). "District courts enjoy broad discretion in ruling on [Rule 59(e)] motions." *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,*

367 F.3d 831, 834 (8th Cir. 2004).

Plaintiff asserts that the Court erred in applying the sliding scale standard of review utilized by the Eighth Circuit in *Woo v. Deluxe Corp.,* 144 F.3d 1157 (8th Cir. 1998) and instead should have applied a *de novo* standard of review pursuant to *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948 (1989) and *Armstrong v. Aetna Life Ins. Co.,* 128 F.3d 1263 (8th Cir. 1997). The Court acknowledges that it erred in applying *Woo*, but the Court maintains that a *de novo* standard is not warranted. Plaintiff first argued for a less deferential standard of review in her Motion for a Less Deferential Standard of Review. (Doc. 20). The Court granted Plaintiff's Motion by Order dated October 13, 2006. (Doc. 30). In that Order, the Court applied *Woo v. Deluxe Corp.* The Court found that Plaintiff had demonstrated a conflict of interest or serious procedural irregularity and that this conflict or irregularity caused a serious breach of the plan administrator's fiduciary duty. (Order Doc. 30). The Court, in applying *Woo,* concluded that the Eighth Circuit's "sliding scale" approach in ERISA cases requires the Court to continue to apply an abuse of discretion standard, "taking into account the conflict or procedural irregularity," highlighting the "inherently flexible" nature of the abuse of discretion standard. (Order Doc. 30) (quoting *Woo*, 144 F.3d at 1161).

The Court then, in compliance with its October 2006 Order (Doc. 30), applied the *Woo* sliding scale approach in its Order dated February 11, 2009, in which it dismissed Plaintiff's claims with prejudice. (Doc. 34). In light of the recent Supreme Court and Eighth Circuit authority, the Court acknowledges that it erred in  applying  the *Woo* sliding scale standard of review in its Order. (Doc. 34). *See Metropolitan Life Insurance Co., v. Glenn,* __ U.S. __, 128 S.Ct. 2343 (2008); *see*

*also Hackett v. Standard Insurance Co.,* 2009 WL 703235, *4 (8th Cir. March 19, 2009).[1] In *Glenn,*
the Supreme Court explained that a conflict of interest does not change the standard of review a
district court should apply. 128 S.Ct. at 2350. Instead, "a conflict should 'be weighed as a factor in
determining whether there is an abuse of discretion.'" *Id.* (quoting *Firestone,* 489 U.S. at 115). The
*Glenn* Court went on to explain that this statement by the *Firestone* Court did not imply a change
in the standard of review from deferential to *de novo*. *Id.* In *Hackett v. Standard Insurance Co.,* the
Eighth Circuit reversed and remanded because the district court, in its application of *Woo,* had not
considered the plan administrator's conflict of interest as a factor in determining whether the plan
administrator abused his discretion. 2009 WL 703235 at * 5. While the Court here did consider
AIG's conflict of interest in its Order, it did so under the *Woo* sliding scale approach. Therefore, the
Court will amend its Order (Doc. 34) and apply the *Glenn* "combination-of-factors method" as the
appropriate standard of review in considering whether AIG abused its discretion. *Hackett,* 2009 WL
703235 at *5.

  The Court also acknowledges its failure to note Dr. Bowman's response on a physician
questionnaire in which he listed zinc toxicity as one of the conditions Plaintiff suffers.[2]  The Court
will include a reference to this document in its amended order. Additionally, the Court reviewed all
of Plaintiff's other arguments made in her Motion for Reconsideration. The Court does not believe
that any of these other arguments point to a manifest error of law or fact that would justify amending

---

  [1] Plaintiff did not direct the Court to *Glenn* in her Motion to Reconsider (Doc. 35), nor
did Defendants in their Response. (Doc. 37). The Court recognizes that the parties filed their
ERISA Briefs in 2006 well before the *Glenn* decision was issued in 2008. However, the Court
did not rule on these Briefs until February 2009. Thus, the Court should have applied *Glenn* in its
Order.

  [2] AIGB-00549

its prior ruling.

After reviewing Plaintiff's Motion to Reconsider, the Court finds that its application of the *Woo* sliding scale approach to an abuse of discretion standard of review was a manifest error and thus requires a reconsideration of its original Order. (Doc. 34). However, because the appropriate standard of review is still an abuse of discretion standard and not a *de novo* standard, the Court maintains that an evidentiary hearing and discovery are not necessary. Plaintiff's Motion for Reconsideration Incorporating a Motion for an Evidentiary Hearing and Motion for Discovery (Doc. 35) is **GRANTED** in part and **DENIED** in part. The Court will reconsider its previous Order (Doc. 34) and issue an amended order.

IT IS SO ORDERED, on this 9th day of April, 2009.


   /s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

4